IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS OGLOZA,<br><br>    Plaintiffs,<br>  v.<br><br>THE HERTZ CORPORATION; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.; DTG OPERATIONS, INC.,<br><br>    Defendants.<br>_____ / | No. 14-2103 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION; ALTERNATIVELY AFFORDING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; STAYING DEADLINES RE: DEFENDANTS' MOTION TO DISMISS** |

    Before the Court is plaintiff's complaint, filed May 7, 2014, in which plaintiff asserts seven causes of action, all arising under state law, and over which, according to plaintiff, the Court has diversity jurisdiction.

    "A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs." Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010); 28 U.S.C. § 1332(a). "Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings." See Geographic Expeditions, 599 F.3d at 1106 (internal quotation and citation omitted).

    Here, as set forth in the complaint, plaintiff's claims arise from an automobile accident in which plaintiff was driving a vehicle rented from defendants and "no one was seriously injured." (See Compl. ¶ 15). Plaintiff alleges defendants, despite having

promised plaintiff a substitute vehicle, did not provide such vehicle and that, as a result, plaintiff was required to obtain a rental car "on an emergency basis," causing him to incur damages in an amount "in excess of $1,250." (See id. ¶¶ 19-20.)  Plaintiff further alleges that defendants were compensated by plaintiff's insurance company for the value of their lost rental vehicle, but have attempted to collect from plaintiff "an additional payment above the value of [that] automobile." (See id. ¶¶ 21-23.)

Although in his Prayer for Relief plaintiff seeks damages in an "amount to be proven at trial, but in no event less than $195,000" (see id. at 15), plaintiff includes no factual allegations to support such conclusion.  The Court recognizes that certain of the statutes under which plaintiff sues provide for recovery of attorney's fees, and that plaintiff may be relying on such additional amount to meet the jurisdictional minimum.  Any estimate of such fees, however, must be "reasonable." See, e.g., Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998).

Accordingly, plaintiff is hereby DIRECTED to show cause, in writing and no later than August 8, 2014, why his complaint should not be dismissed for lack of jurisdiction.

Alternatively, if plaintiff is of the view that he could allege additional facts to support a finding that the amount in controversy exceeds $75,000, plaintiff may respond to the instant order by filing, no later than August 8, 2014, an Amended Complaint that includes any such additional facts, as well as any other amendments plaintiff may choose to make to his existing claims.

Lastly, in light of the above, all further briefing, as well as the hearing, on defendants' Motion to Dismiss Complaint or in the Alternative for a More Definite Statement, filed July 7, 2014 and refiled July 16, 2014 after the instant action was reassigned to the undersigned, is hereby STAYED pending plaintiff's response to the instant order, after which defendants may either renotice their motion or take whatever

//

//

other action defendants deem appropriate at that time.

**IT IS SO ORDERED.**

Dated: July 18, 2014

_____
MAXINE M. CHESNEY
United States District Judge